# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: Colt Holding Company, LLC, et al. | : : | Bankruptcy Case No. 15-11296-LSS |
| Debtor. | : | BAP No.48 |

| | | |
|---|---|---|
| USA and UAW 376, | : : | |
| Appellant, | : : : | |
| v. | : : | C. A. No. 15-834-GMS |
| COLT HOLDING COMPANY, LLC, et al., | : : | |
| Appellees. | : | |

## **RECOMMENDATION**

At Wilmington this **13th** day of **October, 2015**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, the court conducted an initial review, which included information from counsel, to determine the appropriateness of mediation in this matter;

WHEREAS, the appellant ("UAW") and appellees ("Debtors") are parties to a collective bargaining agreement ("CBA") which covers a significant majority of the employees at the Debtors' operating facility in Connecticut. The UAW's appeal asserts that the Bankruptcy Court violated 11 U.S.C. §1113(f) by entering a "Bid Procedures Order" for the sale of substantially all assets of the Debtors when neither the Bid Procedures Order nor the Bid Procedures required that "Qualified Bids" provide that the potential purchaser assume the CBA with the UAW. The debtors have advised the

Bankruptcy Court that they are having productive discussions with interested parties which will enable them to put forth a confirmable Plan of Reorganization and emerge from bankruptcy by the end of 2015.  The restructuring support agreement which forms the basis of the Plan intended to be proposed does not envision a sale of assets.  The parties to this appeal have recently engaged in productive discussions in relation to the restructuring process.

At this time, neither party believes mediation would aid in the resolution of the issues on appeal.  They propose a briefing schedule with the opening brief due in ninety (90) days and the responsive brief due thirty (30) days thereafter to allow the UAW and the Debtors to continue their discussions on reorganization.  If successful on reaching a consensual reorganization, the issues on appeal likely will not need to be decided.

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), this matter be withdrawn from the mandatory referral for mediation and proceed through the appellate process of this Court.  Through this Recommendation, the parties are advised of their right to file objections to this Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(a) and D. Del. LR 72.1.

IT IS FURTHER RECOMMENDED that the following briefing schedule be entered:

| | |
|---|---|
| Appellant's Opening Brief | January 15, 2016 |
| Appellees' Answering Brief | February 16, 2016 |
| Appellant's Reply Brief | March 1, 2016 |

Local counsel are obligated to inform out-of-state counsel of this Order.

/s/ Mary Pat Thynge
UNITED STATES MAGISTRATE JUDGE